**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

**UNITED STATES OF AMERICA,**

                                  Hon. Hugh B. Scott

                                  08CR0097A

               v.                            Decision
                                                    &
                                                     Order

**PERSEL HAMILTON,**
                **Defendant.**

Before the Court is the defendant's omnibus motion seeking various relief (Docket No. 23).

**Discussion**

On April 10, 2008, defendant Persel Hamilton ("Hamilton") was indicted on one count of unlawful possession of a substance containing morphine with the intent to distribute in violation of 21 U.S.C. §841(a)(1). By way of the instant motion, Hamilton seeks Rule 16 Discovery, disclosure under Rules 404(b), 608 and 609 of the Federal Rules of Criminal Procedure, disclosure of inculpatory and impeachment material, the identification of informants, disclosure of witness statements, and the preservation of notes.

1

**Discovery**

The defendant has set forth a variety of items sought by way of pretrial discovery in this matter. It appears that most of the items have been provided in the government's voluntary disclosure in this case. At oral argument, the only outstanding items identified were certain radio logs and monitoring/audio logs. The government has represented that it will investigate whether such logs exist. To the extent such materials exist, and have not already been produced, the government is directed to provide copies of these documents to the defendant. Of course, to the extent the government becomes aware of additional material that should have been produced pursuant to Rule 16 of the Federal Rules of Criminal Procedure, such information must be disclosed.

**Brady and Jencks Material**

The defendant also seeks the disclosure of all potentially exculpatory materials, including information to be used for the impeachment of the government's witnesses, as required under Brady v. Maryland, 373 U.S. 83 (1963) and its progeny. Brady material, as those cases have come to define it, includes all evidence which may be favorable to the defendant and material to the issue of guilt or punishment. Such evidence includes "[a]ny and all records and/or information which might be helpful or useful to the defense in impeaching ... [and] [a]ny and all records and information revealing prior misconduct ... attributed to the [government's] witness." U.S. v. Kiszewski, 877 F.2d 210 (2d Cir. 1989). The defendant also seeks disclosure of the statements of witnesses under the Jencks Act (15 U.S.C. §3500).

The government has acknowledged its obligations under Brady and the Jencks Act and

has represented that it will produce any such information prior to trial (Docket No. (Docket No. 25 at page 5).

Neither the Supreme Court, nor the Second Circuit[1], have ruled directly on whether there is a meaningful distinction between "exculpatory Brady" and "impeachment Brady" materials for purposes relating to the time within which such information must be disclosed. Several other courts have discussed the issue at hand, which often arises in the context of a potential, if not inherent conflict between the government's obligations to disclose under Brady, and the governments right to delay disclosure of certain information pursuant to the Jencks Act. Those cases suggest that the court has some discretion with respect to directing the timing of such disclosure. U.S. v. Campagnuolo, 592 F.2d 852 (5th Cir. 1979)(the Court interpreted Brady to require disclosure "at the appropriate" time, which often is prior to trial); U.S. v. Perez, 870 F.2d 1222 (7th Cir. 1989)(the government's delay in disclosing Brady material violates due process only if the delay prevented the defendant from receiving a fair trial); U.S. v. Ziperstein, 601 F.2d 281 (7th Cir. 1979)(a defendant receives a fair trial, notwithstanding delayed disclosure of Brady material, as long as disclosure is made before it is too late for the defendant to make use of any benefits of the evidence). But see U.S. V. Wilson, 565 F.Supp 1416 (S.D.N.Y. 1983) (impeachment material need not be produced prior to trial); U.S. Biaggi, 675 F.Supp 790 (S.D.N.Y. 1987)(information bearing on a witness' credibility may be turned over at the same time as [Jencks Act] materials); U.S. V. Feldman, 731 F.Supp 1189 (S.D.N.Y. 1990)(it is sufficient for the government to disclose Brady impeachment materials along with [Jencks Act]

---

[1] In a footnote in its opinion in Lucas v. Regan, 503 F.2d 1, 3 n.1 (1974), the Second Circuit stated that "[n]either Brady nor any other case we know of requires that disclosures under Brady be made before trial."

materials).

The Jencks Act relates only to "statements" made by government witnesses. Such statements may include inconsistencies which make them useful for impeachment purposes, and thus, subject them to disclosure under Brady principles. To this extent, it has been suggested that the constitutional requirements underlying Brady could act to modify the Jencks Act. U.S. v. Campagnuolo, 592 F.2d 852, 860 (5th Cir. 1979). But see U.S. v. Presser, 844 F.2d 1275 (6th Cir. 1988)(the government may not be compelled to pretrial disclosure of Brady or Jencks material). The record in this case does not reflect whether any of the materials withheld by the government may be considered both Brady and Jencks material. Certainly "impeachment Brady" material may include several items which are not considered "statements" under the Jencks Act.

This Court believes that fundamental fairness and the constitutional due process requirements which underlie Brady mandate that the court have some discretion with respect to the timing of the disclosure of such information, even if it may be considered combined Brady/Jencks material. Indeed, even with respect to purely Jencks Act materials, the Second Circuit has stated that "pre-trial disclosure will redound to the benefit of all parties, counsel and the court, ... sound trial management would seem to dictate that Jencks Act material should be submitted prior to trial ... so that those abhorrent lengthy pauses at trial to examine documents can be avoided." U.S. v. Percevault, 490 F.2d 126 (2d Cir. 1974); U.S. V. Green, 144 F.R.D. 631 (W.D.N.Y. 1992).

In the instant case, and while balancing all of the above, the Court concludes that disclosure of such inculpatory and impeachment material, if any exists, in accordance with the common practice in this district (prior to trial so long as it is disclosed in sufficient time for the

defendant to have a fair opportunity to utilize the information at trial) is sufficient.

### Rule 404, 608 and 609 Evidence

Hamilton requests disclosure of all evidence of prior bad acts that the government intends to use in its case-in-chief, pursuant to Federal Rule of Evidence 404(b). The defendants also request disclosure pursuant to Federal Rules of Evidence 608 and 609 of all evidence of prior bad acts that the government intends to use for impeachment purposes should they testify at trial.

Rule 404 requires that the defendant be given "reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to use at trial." To the extent that the government intends to use evidence of any such prior bad act in its case in chief, the government shall produce all Rule 404(b) evidence as directed by the District Court in the trial order.

With respect to the defendants' requests under Rules 608 and 609, the only notice requirement imposed by either applies where a party intends to introduce evidence of a conviction that is more than ten years old. Under such circumstances, Rule 609(b) mandates that "the proponent [give] to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence." To the extent the government intends to use a conviction more than 10 years old, it must comply with this requirement. The government has no obligation to provide the defendants with notice of any material that will be used to impeach him pursuant to Rule 608 should he elect to testify. See United States v. Livoti, 8 F.Supp.2d 246 (S.D.N.Y. 1998); United States v. Song, 1995 WL

736872, at *7 (S.D.N.Y. Dec.13, 1995).

### Identity of Informants

The defendant also seeks the pre-trial disclosure of the identity of any informants in this case. The government is not required to furnish the identities of informants unless it is essential to the defense. Roviaro v. United States, 353 U.S. 52, 60-61 (1957); United States v. Saa, 859 F.2d 1067, 1073 (2d Cir.) cert. denied 489 U.S. 1089 (1988). Nor does Rule 16 require the government to disclose the names of witnesses prior to trial. United States v. Bejasa, 904 F.2d 137, 139 (2d. Cir.) cert. denied 498 U.S. 921 (1990).

In this case, the defendant argues that the investigation against him was based solely upon information from a confidential source to the effect that Hamilton was selling oxycotin, cocaine and other illegal drugs out of his apartment. The government asserts, however, that the evidence submitted at trial in this case will be a transaction directly between Hamilton and an undercover police officer. (Docket No. 25 at page 3). The government represents that it has not determined that a confidential informant will be called as a witness in the trial of this case. Under such circumstances, the defendant has not established that the pre-trial disclosure of the identities of any informant is essential to his defense. This request is denied.

### Preservation of Evidence

The defendant has also requested preservation of rough notes and other evidence taken by law enforcement agents involved. The government is directed to preserve all items of evidence.

**Conclusion**

For the reasons stated above, the respective omnibus motions are GRANTED IN PART AND DENIED IN PART consistent with the above.

So Ordered.

/s/ Hugh B. Scott
United States Magistrate Judge
Western District of New York

Buffalo, New York
October 15, 2008